**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **TERRY LEE MORRIS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **vs.** | § | **Civil Action No. 4:22-CV-102-P(BJ)** |
| | § | |
| **BOBBY LUMPKIN, et al.,** | § | |
| | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER**
(With Special Instructions to the Clerk of Court)

In this case, plaintiff Terry Lee Morris, proceeding *pro se*, has filed a civil case naming as defendants Bobby Lumpkin, George Gallagher, and Scott Wisch. ECF No. 1. Resolution of the case was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b) and Miscellaneous Order No. 6.[1] The findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

A. NATURE OF THE CASE

This case is a new civil action.

B. PARTIES

Terry Lee Morris is the plaintiff. He listed as defendants Bobby Lumpkin, George Gallagher, and Scott Wisch. ECF No. 1.

C. LEGAL ANALYSIS

In response to an early deficiency order, Morris paid the entire filing and administrative fees of $402.00. ECF No. 5. Because Morris paid the full filing and administrative fees, the Court

[1] Order for the Adoption of Rules for the Exercise of Powers and Performances of duties by United States Magistrate Judges, signed May 5, 2005.

directed the clerk of Court to deliver summons forms to Morris for completion and return to the clerk of Court for issuance. ECF No. 6. Morris was informed that the clerk of Court would issue summons to him once completed. *Id.* Although Morris then submitted proposed summons for six persons, the clerk of Court properly issued summonses to Morris only for the three named defendants in this case, Lumpkin, Gallagher, and Wisch. ECF Nos. 7-8. That took place on March 11, 2022. In the Court's Order issued on March 2, 2022, Morris was expressly informed "of the 90 day time limit from the date of filing of the complaint to effect service of the summons and complaint. *See* Fed R. Civ. P. 4(m)." ECF No. 6 n. 1.

Federal Rule of Civil Procedure 4(m) requires a plaintiff to serve a copy of the summons and complaint upon defendants within 90 days after the complaint is filed. Fed. R. Civ. P. 4(m). That rule also provides that "if a defendant is not served [within that time frame] the court–on motion or on its own after notice to the Plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.* The above-styled and numbered cause of action was filed on February 9, 2022. ECF No.1. In this case, 90 days after February 9, 2022 was May 10, 2022. The Court warned Morris of the applicable deadline on March 2, 2022, and summons were issued to Morris on March 11, 2022. Yet, as of the date of this findings, conclusions, and recommendation, no returns of service have been filed showing that service was completed upon any of the three defendants. Because Morris has not timely completed service of process, in spite of the Court's warning and notice of the application of Rule 4(m), Morris's claims against each defendant should be dismissed without prejudice, unless he files proof of completion of service by the time for filing objections.

RECOMMENDATION

It is therefore **RECOMMENDED** that the district judge should dismiss all claims against each unserved defendant without prejudice under authority of Federal Rule of Civil Procedure 4(m), unless plaintiff Morris files proof of service upon each defendant before the time for objections to be filed in this case.

NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute* 28 U.S.C. § 636(b)(1) (extending the deadline to file objections from ten to fourteen days).

ORDER

Under 28 U.S.C. § 636, it is **ORDERED** that Plaintiff is granted until **May 31, 2022** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and is hereby, **RETURNED** to the docket of the United States District Judge.

SIGNED May 17, 2022.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE